Citation Nr: 1619682 
Decision Date: 05/16/16 Archive Date: 05/27/16

DOCKET NO. 14-26 093 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to an initial rating in excess of 50 percent for a major depressive disorder. 

2. Entitlement to a total rating based on individual unemployability due to service connected disabilities (TDIU). 


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. L. Prichard, Counsel



INTRODUCTION

The Veteran had active service from May 1960 to November 1960 and in March 1962. He had additional service in the National Guard.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a May 2012 rating decision of the Winston-Salem, North Carolina regional office (RO) of the Department of Veterans Affairs (VA). This decision granted service connection for a major depressive disorder and assigned an initial 50 percent rating. The Veteran has appealed this initial rating. 

Entitlement to TDIU was denied in a May 2014 rating decision. The Veteran has not appealed this decision. However, a claim for an increased rating is considered to include a claim for TDIU if raised by the Veteran or the record. Therefore, the Board has jurisdiction over this issue. See Rice v. Shinseki, 22 Vet. App. 447, 
453-54 (2009).


The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The record indicates that the Veteran was last afforded a VA examination of his depressive disorder in March 2012. The most recent private treatment records are dated 2013. With the exception of two VA treatment notes dated February 2015 and March 2015, VA treatment records for the Veteran's depression dating from 2012 to the present have not been obtained. The Veteran's representative contended in a June 2015 Brief that the Veteran's major depressive disorder warranted a 70 percent evaluation suggesting that the Veteran's level of functional impairment has increased. 

The fulfillment of the statutory duty to assist includes conducting a thorough and contemporaneous medical examination, one which takes into account the records of prior medical treatment, so that an evaluation of the disability will be a fully informed one. Stefl v. Nicholson, 21 Vet. App. 120, 123 (2007); Green v. Derwinski, 1 Vet. App. 121, 124 (1991). The Board finds that an additional examination of the Veteran's depression would be useful in obtaining an accurate assessment of the current severity of this disability. 

The Board further notes that both the private medical records and the available VA treatment records state that the Veteran suffers from sleep apnea, which is mostly untreated. The examiners have commented that some of the Veteran's cognitive impairment and other symptomatology may be attributable to the sleep apnea, which is a non-service connected disability. However, it does not appear that an attempt has been made to differentiate between the symptoms due to depression and the symptoms due to loss of sleep due to sleep apnea, or to indicate whether it is possible to make such a distinction. This matter should be addressed in the VA examination. 

Finally, the Veteran's private physician states in an August 2013 letter that the Veteran's disabilities prevent him from holding gainful employment. However, this assessment included the effects of non-service connected disabilities such as sleep apnea, and status post cardiac surgery. The Board finds an examination would be useful to provide a better prospective regarding the functional impairment caused solely by the Veteran's service-connected disabilities. 

Accordingly, the case is REMANDED for the following actions:

1. After receiving any necessary permission from the Veteran, obtain all private treatment records pertaining to treatment of the Veteran's depression dating from December 2013 to the present and associate them with the claims file. The Veteran should be notified that in the alternative, he may obtain and submit these records to VA himself. He should also be notified that it is his responsibility to ensure that any private records he desires to be considered are submitted to VA. 

2. Obtain updated VA treatment records pertaining to the treatment of the Veteran's depressive disorder dating from 2012 to the present and associate them with the claims file. 

3. Schedule the Veteran for a VA medical examination by an appropriate clinician for the purpose of determining the current nature and severity of his service-connected depressive disorder. Any necessary tests or studies should be conducted and all findings should be reported in detail. The examiner must provide a comprehensive rationale with reference to relevant medical findings for all opinions expressed.

The examiner is asked to state whether or not any portion of the Veteran's psychiatric symptomatology is attributable to sleep apnea. If so, explain whether or not is possible to distinguish between the symptoms due to the depressive disorder and those due to sleep apnea. If it is possible, the examiner should identify any symptoms that are specifically the result of sleep apnea and/or sleep deprivation due to sleep apnea. 

In addition, the examiner should comment on the functional impairment caused solely by the Veteran's service-connected major depressive disorder.

4. If necessary, send the file to an appropriate specialist in audiology to comment on the functional impairment caused by the Veteran's service-connected bilateral hearing loss and tinnitus.

5. If any benefit sought on appeal remains denied, issue a supplemental statement of the case. Then return the case to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
P. SORISIO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).